**UNITED STATES of America**

v.

**Francis Harry BROWN, a/k/a Harry Brown.**

**Crim. No. 72–519.**

United States District Court, E. D. Pennsylvania.

Sept. 28, 1978.

---

Robert E. Madden, Philadelphia Strike Force, Philadelphia, Pa., for plaintiff.

Donald I. Bierman, Miami, Fla., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

On April 10, 1973, I sentenced the defendant Francis Harry Brown to a period of two years' probation following his conviction for conspiracy to distribute stolen postal money orders, 18 U.S.C. § 371. Four years later, on June 16, 1977, Mr. Brown was found guilty of extortion, mail fraud and conspiracy after a jury trial before my learned colleague, the Honorable Alfred L. Luongo.

Relying on the latter convictions, the government petitioned this court for an order revoking the defendant's 1973 probation, arguing that he had violated its terms by engaging in criminal conduct. Mr. Brown opposed the granting of this petition on the ground that the acts forming the basis of the conviction before Judge Luongo occurred outside the period of probation.[1] I agreed with the defendant insofar as the extortion count was concerned, but I rejected his argument as it related to his convictions for mail fraud. Three counts of the indictment before Judge Luongo had charged Mr. Brown with utilizing the mails in furtherance of schemes to defraud Herbert Bernstein, the Allstate Finance Company, and the Ford Motor Credit Company. Convictions were returned on all three counts. I found that overt acts in connection with each of these schemes occurred during the probationary period. Therefore, by an order issued on August 11, 1978, accompanied by an opinion which explains these matters more fully, I granted the government's petition and revoked Mr. Brown's probation.

Meanwhile, the defendant had taken an appeal from his convictions before Judge Luongo. On August 14, 1978, just three days after the filing of my order, the Court of Appeals for the Third Circuit issued an opinion reversing Brown's convictions on the Bernstein and Allstate counts, but affirming as to the Ford count. *United States v. Brown*, 583 F.2d 659 (3d Cir. 1978). By the instant motion, Brown has asked me to reconsider my order revoking his probation. In support of this motion, he argues that two of the three convictions relied upon in my opinion of August 11 have been reversed, and they can no longer serve as the basis for a probation revocation. As to the remaining conviction, the defendant alleges that he has petitioned the Court of Appeals for a rehearing. He argues if a rehearing is granted and the remaining mail fraud conviction is reversed, there would no longer be any ground for revoking his probation.

At first blush, Mr. Brown's motion would appear to be premature. Despite the reversals on two counts, he currently stands convicted on one count of mail fraud, and that adjudication has been affirmed by the Court of Appeals. He does not deny that this conviction alone provides a perfectly adequate basis for revoking his probation. Nevertheless, the relief sought in his motion for reconsideration includes a request for a stay of sentence pending the disposition of his petition for rehearing in the Court of Appeals. This relief might be proper if I agreed with the defendant's argument that the reversals of the other two mail fraud convictions rendered them inappropriate as a basis for revoking probation. Unfortunately, however, I believe that the defendant has misread the opinion of the Court of Appeals, and I am totally unpersuaded by his position.

---

1. The defendant also raised two other arguments in opposition to the government's petition, both of which are discussed and disposed of in my opinion issued on August 11, 1978, 458 F.Supp. 49.

By no means can the reversal of Brown's convictions be construed as exonerating him of engaging in criminal conduct. Rather, the Court of Appeals rested its holding solely on a finding that the elements of mail fraud had not been established. As to both the Bernstein and the Allstate charges, the panel found insufficient evidence in the record to support the conclusion that the mailings alleged by the government were in furtherance of the fraudulent schemes. *United States v. Brown*, supra, 583 F.2d at 665, 666. The existence and fraudulent nature of these schemes were neither questioned by the court nor challenged by the defendant. Rather, a key point raised by the defendant on appeal was that his fraudulent conduct ended before the mailings were sent. Id. at 665.

Thus, while the evidence may not have established the crime of mail fraud, it was more than sufficient to show that Francis Harry Brown had engaged in criminal schemes to defraud. In my opinion of August 11, I noted the well-settled principle that "to order revocation, the court need only 'be reasonably satisfied that [the probationer] has violated one of the conditions of his probation.'" *United States v. Brown*, 458 F.Supp. at 51 (E.D.Pa.1978), quoting *United States v. Manuszak*, 532 F.2d 311 (3d Cir. 1976). Based on the evidence presented at the trial before Judge Luongo, I am reasonably satisfied that defendant Brown violated a condition of his probation by engaging in criminal conduct, and nothing in the decision of the Court of Appeals causes me to alter that conclusion. The motion for reconsideration of my order revoking probation is therefore denied.[2]

___

**2.** I have agreed to postpone sentencing in this matter for a brief period based on the defendant's representation that his wife is too ill to travel. This should not be construed as a decision to grant a stay of sentence pending disposition of the defendant's petition for rehearing by the Court of Appeals.